■ In the Matter of NEW YORK SURETY COMPANY. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of NEW YORK SURETY COMPANY, Appellant; NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Respondent. [723 NYS2d 201] —In a liquidation proceeding pursuant to Insurance Law article 74, the Superintendent of Insurance of the State of New York, as Liquidator of the New York Surety Company, appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated September 28, 1999, as (1) denied that branch of his motion which was to disallow that portion of the claim of the New York City Economic Development Corporation which was to recover $53,852.05 in interest and $700 in costs due on bid bond number 41562B, and (2) granted that branch of the cross motion of the respondent New York City Economic Development Corporation which was to direct him to pay those sums.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to disallow that portion of the claim of the respondent New York City Economic Development Corporation which was to recover $53,852.05 in interest and $700 in costs due on bid bond number 41562B is granted, and that branch of the cross motion which was to direct the appellant pay those sums is denied.

On June 18, 1998, a judgment was entered in the Supreme Court, New York County, in favor of the respondent New York City Economic Development Corporation and against New York

Surety Company in the principal sum of $150,000, representing the amount of the principal sum of bid bond number 41562B. By issuance of that bond, New York Surety Company obligated itself to pay up to $150,000 in the event that the bid offered by a contractor in connection with a certain library project was accepted, and in the event that contractor was unable to enter into the contract. The judgment also awarded the sums of $700 costs and $53,852.05 in interest, calculated at a rate of 9% from June 23, 1994.

We agree with the appellant that pursuant to the clear and unambiguous terms of Insurance Law § 7608 (c), the claimant is not entitled to receive an award of interest on the penal sum of the bond. We are not persuaded by the argument that an award of interest is warranted pursuant to *Matter of Union Indem. Ins. Co.* (92 NY2d 107). The contract bid bond under review in the present case, unlike the financial surety guaranty bonds in *Union Indem. Ins. Co.*, expressly limits the liability of New York Surety Company to the principal sum of the bond. Bracken, P. J., O'Brien, Florio and Schmidt, JJ., concur.